# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ROBERT A. DEMOSS,

*Plaintiff*,

vs.

Case No. 07-1388-EFM

MATRIX ABSENCE MANAGEMENT, INC.,

*Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion to Permit Compliance with LSI Logic Corporation Long Term Disability Benefit Plan (Doc. 35) and on Plaintiff's Motion for a Second Remand (Doc. 39).

On June 10, 2009, this Court issued its Order denying both parties' motions for summary judgment and remanding the matter to the administrator. Specifically, the Court required that Defendant provide Plaintiff a full and fair review and stated:

> If Defendant denies Plaintiff's request for physical long-term disability benefits, Defendant must set forth its reasons and rationale, and allow Plaintiff to submit additional evidence supporting his claim for physical disability benefits. After Defendant has provided its rationale and Plaintiff has submitted additional evidence, if any, Defendant should evaluate Plaintiff's claim as it would an appeal from an initial denial of benefits. Matrix should render its decision within 120 days from the date of this Order, and the decision shall be final for purposes of exhausting remedies.

After remand, the parties came to an agreement as to how to split the 120 day timeframe. They agreed that Defendant would issue its decision on Plaintiff's claim for benefits as soon as possible. Plaintiff would then have 60 days to request a review of that decision and then Defendant would have the remainder of the timeframe to complete its review of Plaintiff's request.

Defendant issued its denial letter on June 30, 2009, and Plaintiff's counsel received the letter on July 6, 2009. The letter stated that if Defendant did not hear from Plaintiff within 60 days of receipt of the letter, the claim decision would be final.

On August 20, 2009, Plaintiff filed with the Court a Motion for Extension of Time in which to file an appeal of Defendant's denial of his claim for long-term physical disability benefits.[1] Plaintiff requested that the Court grant him 180 days from the date of Defendant's denial letter, to January 2, 2010, to request an administrative review asserting that federal regulations provide that a claimant must have 180 days to request a review following an adverse benefit determination. Defendant opposed the motion asserting that Plaintiff should be required to submit his request for review within 60 days of receipt of its denial letter and in accordance with the terms of the plan and regulations in effect at the time of Plaintiff's claim. On September 10, 2009, the Court denied Plaintiff's request for an extension stating that it did not have the authority or jurisdiction to change the plan documents. Apparently, neither party did anything further between September 10, 2009 and October 8, 2009.[2]

On October 14, 2009, Defendant filed a motion entitled "Motion to Permit Compliance with LSI Logic Corporation Long Term Disability Benefit Plan Based on Plaintiff's Failure to Submit

---

[1]Doc. 31.

[2]October 8, 2009 was the last day of the 120-day timeframe.

Request for Administrative Review or Additional Evidence." Defendant contends that it was waiting for Plaintiff to request an administrative review of the decision it issued on June 30, 2009, and because Plaintiff never requested an administrative review of that decision, Defendant never issued a final decision. Defendant asserts that it understands that "it should now treat Plaintiff's claim as having been automatically appealed upon the close of the 120-period provided for in the Court's Order, since Plaintiff did not submit a request for administrative review or additional evidence within that time period," and Defendant asks the Court to allow it an additional 30 days to issue a final decision on Plaintiff's claim.[3]

On October 26, 2009, Plaintiff filed a motion entitled "Plaintiff's Motion for Second Remand."[4] In response to Defendant's motion, Plaintiff contends that Defendant knew that Plaintiff would not be submitting additional evidence after Defendant denied his claim because Plaintiff stated in his August 20, 2009 motion for extension to the Court that he was not prepared to complete his request for review by August 29, 2009. Plaintiff argues that Defendant could have conducted the final review anytime within August 29, 2009 and October 8, 2009, and Defendant's motion is untimely because it did not provide a final decision within the 120-day timeframe.

Plaintiff additionally moves this Court to remand the action for a second time to the administrator. Plaintiff contends that the Court's remand was for the purpose of a review and that the minimum requirements for an ERISA administrative review are provided in federal regulations. Plaintiff contends that Defendant's plan provides a shorter time period for the claimant to submit

---

[3] Defendant contends that according to the plan, it is actually entitled to 60 days, but Defendant is only requesting 30 days.

[4] Plaintiff also included his response to Defendant's motion in his accompanying brief to his motion. As such, the docket does not reflect that a response was filed to Defendant's motion and makes it appear that Defendant's motion is uncontested. The Court, however, has reviewed Plaintiff's response contained in his brief.

additional evidence than that provided for by regulations.  Defendant's plan allows 60 days, while Plaintiff contends that federal regulations enacted on January 1, 2002 allow 180 days for which to appeal an adverse benefit determination.[5]  The parties disagree as to whether Plaintiff's claim was submitted before or after January 1, 2002.  Plaintiff asks this Court to determine that federal regulations control and remand the case for a second time to the administrator allowing Plaintiff to have a full consecutive 180 days to seek review of Defendant's adverse benefit determination.

With regard to Defendant's motion to permit compliance with the plan, Plaintiff has not filed an administrative appeal. While Plaintiff asserts that Defendant failed to make a determination on his claim during the 120-day period of the Court's remand, this assertion is erroneous because Defendant did issue a decision and sent a denial letter to Plaintiff.  Defendant did not have to provide a "final" decision within the 120-day timeframe because Plaintiff failed to ask for an administrative review or provide additional evidence to Defendant. Defendant's position is also erroneous in seeking additional time for compliance because there is no reason to issue a final decision if Plaintiff did not request review of the denial of benefits.  The Court provided the parties with 120 days on remand.  Defendant issued its decision; yet, Plaintiff failed to do anything more. As such, due to Plaintiff's failure to request review, Defendant's decision became final.  Therefore, Defendant's motion for additional time to issue a final decision is denied.

With regard to Plaintiff's motion for a second remand on the basis that Defendant's plan does not comply with federal regulations, this argument was not raised in the initial appeal of the adverse benefit determination. Indeed, at that time, the Court was working under the 60-day timeframe provided for in the plan, and Plaintiff never argued that he was entitled to 180 days to submit

---

[5] 29 C.F.R. § 2560.503-1(h)(3)(i).

additional evidence or that the plan was unreasonable because it failed to provide 180 days to appeal an adverse benefit determination. Plaintiff only now raises the issue that he is entitled to 180 days after the Court remanded the case to the parties for a determination on Plaintiff's physical disability claim and gave the parties 120 days.[6] The case was remanded, and Plaintiff failed to seek review of the adverse benefit determination. Accordingly, Plaintiff's motion for a second remand is denied.

**IT IS ACCORDINGLY ORDERED** this 31st day of December, 2009 that Defendant's Motion to Permit Compliance (Doc. 35) and Plaintiff's Motion for Second Remand (Doc. 39) are hereby denied.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[6]Plaintiff argues that his claim was filed on January 1, 2002, and Defendant asserts that Plaintiff's claim was submitted on December 23, 2001. While the parties argue about whether Plaintiff's claim was filed on or after January 1, 2002, it appears to the Court that the applicable date may be July 1, 2002. *See* 29 C.F.R. § 2560.503-1(o)(2). Plaintiff relies on subsection (h)(3)(i) which is applicable to "group health plans" for the 180-day timeframe and subsection (o)(1) for the applicability date of January 1, 2002. However, subsection (o)(1) provides that the section "shall apply to claims filed under a plan on or after January 1, 2002," while subsection (o)(2) provides that for claims filed under a "group health plan" the applicability date of this regulation is "on or after the first day of the first plan year beginning on or after July 1, 2002, but in no event later than January 1, 2003." If Plaintiff is relying on the timeframe set forth for "group health plans," he must also follow the applicability date for "claims filed under a group health plan."