# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ROBERT A. DEMOSS,

        *Plaintiff*,

vs.

MATRIX ABSENCE MANAGEMENT, INC.,

        *Defendant.*

Case No. 07-1388-EFM

## MEMORANDUM AND ORDER

This case involves Plaintiff's claim for physical disability benefits under Defendant's long term disability benefit plan governed by ERISA. The parties are before the Court, for a second time, on cross-motions for summary judgment. Plaintiff Robert A. DeMoss filed a motion for summary judgment (Doc. 61), and Defendant Matrix Absence Management, Inc. ("Matrix") filed a motion for summary judgment (Doc. 67). Both motions have been fully briefed and are ripe for decision. For the following reasons, the Court denies Plaintiff's motion and grants Defendant's motion.

### I. Facts and Procedural Background

Plaintiff Robert A. DeMoss started his employment with LSI Logic Corporation ("LSI") on May 19, 1980. He was a participant of the LSI Logic Corporation Long Term Disability Benefit Plan ("Plan"). Defendant Matrix is the independent third-party claims administrator that manages the administration of LSI's short term and long term disability plans. Matrix is given "exclusive authority and responsibility for all matters in connection with the operation and administration of

the Plan." The Plan has delegated fiduciary authority to Matrix to administer claims, but Matrix plays no role in funding or budgeting claims for payment. LSI has no oversight with regard to claims decisions, and Matrix has complete authority to decide whether an employee is entitled to receive benefits.

The Plan defines "Disability," in relevant part, as "any physical or mental condition arising from an illness, injury or pregnancy which renders a Participant incapable of performing work." After twelve months of disability, the medical criteria set forth in the Social Security regulations under Title II of the Social Security Act are applied in determining whether a disability exists.

On January 30, 2001, DeMoss took a leave of absence from LSI. On February 5, 2001, Matrix opened a short term disability claim file for DeMoss. On the Intake Statement that DeMoss completed that same day, he listed "DEPRESSION" as his disabling condition. DeMoss received short term disability benefits from January 30, 2001 through January 29, 2002.

On December 23, 2001, DeMoss completed an application for long term disability benefits. On the Employee Application form, DeMoss described his disabling condition as "Clinical depression with type-1 diabetes (40 yrs) complications." On March 7, 2002, at DeMoss' request, Matrix granted DeMoss an additional 60 days to submit medical records in support of his application for long term disability benefits.

On May 10, 2002, Matrix found DeMoss eligible for long term disability benefits because of a mental, emotional, or nervous illness or disorder. Pursuant to the Plan's 364-day elimination period, DeMoss' benefits began on January 29, 2002. Under the terms of the Plan, DeMoss received a gross monthly benefit payment of $4,973.99, less applicable offsets, from January 29, 2002 to January 27, 2003.

On July 3, 2002, DeMoss' then attorney, Roger Wilson, wrote Matrix a letter. In this letter, he contended that DeMoss was eligible for additional long-term disability benefits based on his diabetes, cardiac neuropathy, and vision related problems. Mr. Wilson expressed doubts whether the Plan's claim review procedure was applicable because DeMoss' claim was not denied, as such, by Matrix. The letter, however, requested a "review and reconsideration of the basis of the benefits to which Mr. DeMoss is entitled and to request that the benefits not be so limited in duration." Mr. Wilson also requested additional time to submit clarifying medical documentation to support the request, if needed. Matrix did not respond, and DeMoss did not submit additional medical documents.

DeMoss filed this lawsuit on December 10, 2007 alleging that he was entitled to additional benefits because of a physical disability. In mid-2008, both parties filed motions for summary judgment. Plaintiff DeMoss requested the Court to enter an order that DeMoss was entitled to disability benefits. Defendant Matrix moved for summary judgment on the basis that the Court should uphold Defendant's denial of physical benefits.

On June 10, 2009, the Court denied both parties' motions for summary judgment finding that it was unclear whether Matrix ever considered whether DeMoss was eligible for physical disability benefits, and Matrix did not perform a full and fair review of the claim at the time DeMoss requested review.[1] The Court remanded the matter to Matrix, the Administrator, and instructed Matrix to provide DeMoss a full and fair review:

> Upon remand to the administrator, Defendant must provide Plaintiff a full and fair review. If Defendant denies Plaintiff's request for physical long-term disability benefits, Defendant must set forth its reasons and rationale, and allow Plaintiff to

---

[1]Doc. 30. The Court will not set forth the full details here.

submit additional evidence supporting his claim for physical disability benefits. After Defendant has provided its rationale and Plaintiff has submitted additional evidence, if any, Defendant should evaluate Plaintiff's claim as it would an appeal from an initial denial of benefits. Matrix should render its decision within 120 days from the date of this Order, and the decision shall be final for purposes of exhausting remedies.

After the matter was remanded, the parties agreed that Matrix would issue its decision as soon as possible. DeMoss would then have 60 days in which to ask for a review, and Matrix would have the remainder of the 120-day period to complete its review. DeMoss' counsel believed that either party could ask for an extension of time, if needed.

Robert L. Levitin, M.D., Medical Director for Matrix, performed a medical record review of DeMoss' file on June 29, 2009. In this report, Dr. Levitin stated that he had reviewed DeMoss' medical records from 1984 to February 19, 2002. After reviewing these medical records, Dr. Levitin concluded that "[t]here is no evidence to indicate that Mr. DeMoss had any physical disabling condition secondary to his long-standing history of Juvenile Diabetes Mellitus or any other disabling medical condition other than his depression."

On June 30, 2009, Matrix issued a letter denying DeMoss' claim for long-term physical disability benefits. Based on Dr. Levitin's review, Matrix determined that "Mr. DeMoss is not disabled from any occupation for which he is reasonably qualified due to any physical findings. Therefore, benefits under the Long Term Disability Plan are denied."

Matrix's letter set forth the claim review procedure. It provides that "[a] written request for review must be submitted within (60) days of receipt of this letter and state the reason why your client feels he should not be denied benefits. If your client files a written request for review, be certain that he includes any documentation that may support his claim." In addition, the letter states

that "[i]f the Appeals Committee does not receive your client's written request within sixty (60) days of your receipt of this notice, this decision will be considered final."

DeMoss' counsel received the letter on July 6, 2009. On August 20, 2009, DeMoss filed a Motion for Extension of time to Request Administrative Review. He requested the Court grant him 180 days from the date of Matrix's denial letter, to January 2, 2010, to request an administrative review.

On September 10, 2009, this Court denied DeMoss' motion finding that "Plaintiff is seeking an extension of time to file an administrative appeal. It does not appear to the Court that it has the authority or jurisdiction to change the plan documents. Accordingly, plaintiff's request for an extension of time to file an administrative appeal is DENIED."

The 120-day period set forth in the June 10, 2009 Order ended on October 8, 2009. Prior to this date, DeMoss did not submit a request for administrative review or any additional medical evidence to Matrix.

On October 14, 2009, Matrix filed a Motion to Permit Compliance with Plan. Matrix asserted that it understood that it should still evaluate DeMoss' claim as if it had been appealed even though DeMoss did not file a request for administrative review or submit additional evidence within the 120-day period based on the language from the June 10, 2009 Order stating "[a]fter Defendant has provided its rationale and DeMoss has submitted additional evidence, if any, Matrix should evaluate DeMoss' claim as it would an appeal from an initial claim of benefits." In this motion, Matrix asserted that until it either received a request for an administrative review and/or additional medical evidence from DeMoss or until Matrix knew that it would not receive such materials from DeMoss, it could not evaluate DeMoss' claim as it would an appeal from an initial denial of benefits

as contemplated by the Court's Order. Matrix requested an additional 30 days from the close of the 120-day period to issue a final decision on DeMoss' claim.

On October 26, 2009, DeMoss filed a response to Matrix's motion and a Motion for a Second Remand. He requested the Court remand the matter to the parties again, and he sought 180 days, in consecutive order, to request an administrative review or submit additional evidence to Matrix.

During the time in which both of these motions were pending, Matrix sought the opinion of a third-party physician, Lyle Mitzner, M.D., who reviewed the objective medical evidence in DeMoss' file. On October 29, 2009, Dr. Mitzner concluded his peer review of DeMoss' claim file. On November 4, 2009, Matrix issued a final decision, in which it upheld its initial denial of DeMoss' claim for long term physical disability benefits. Specifically, Matrix found that based on Dr. Mitzner's review, the medical information in DeMoss' file did not meet the Plan requirement of objective medical evidence for physical conditions, and it upheld its original denial of benefits.

On December 31, 2009, this Court issued an Order denying Matrix's Motion to Permit Compliance and denying DeMoss' Motion for Second Remand.[2] In this Order, we found that Matrix's June 30, 2009 denial letter "became final" because after it was issued, DeMoss failed to do anything more with respect to submitting any additional information to Matrix. DeMoss filed a Motion for Reconsideration which was denied.

In early June, 2010, both parties filed a sealed proposed supplement to the Administrative Record. DeMoss did not object to Matrix's supplement. Matrix, however filed an Objection to DeMoss' supplement asserting that none of the documents in DeMoss' proposed supplement were

---

[2]Doc. 47.

previously provided to Matrix and were only presented to Matrix for the first time on June 7, 2010 when DeMoss filed the supplement.

Both DeMoss and Matrix have again filed cross motions for summary judgment. DeMoss asserts that this Court should determine that he is entitled to benefits. Matrix contends that the Court should uphold Matrix's denial of benefits.

## II. Summary Judgment Standard[3]

Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."[4] "An issue of fact is 'genuine' if the evidence allows a reasonable jury to resolve the issue either way."[5] A fact is "material" when "it is essential to the proper disposition of the claim."[6] The court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.[7]

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[8] In attempting to meet this standard, the moving party need not disprove the nonmoving party's claim; rather, the movant must simply point out the lack of evidence on an essential element of the nonmoving party's claim.[9]

---

[3] Summary judgment is appropriate in an ERISA case if the administrative record demonstrates there is no genuine issue as to any material fact. *Adamson v. Unum Life Ins. Co. of Am.*, 455 F.3d 1209, 1212 (10th Cir. 2006).

[4] Fed. R. Civ. P. 56(c).

[5] *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[6] *Id.*

[7] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[8] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[9] *Id.* (citing *Celotex*, 477 U.S. at 325).

If the moving party carries its initial burden, the party opposing summary judgment cannot rest on the pleadings but must bring forth "specific facts showing a genuine issue for trial."[10] The opposing party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[11] "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."[12] Conclusory allegations alone cannot defeat a properly supported motion for summary judgment.[13] The nonmovant's "evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise."[14]

Summary judgment is not a "disfavored procedural shortcut," but it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[15] Even though the parties have filed cross-motions for summary judgment, the legal standard does not change.[16] The Court must determine if there are any disputed material facts.[17] Each motion will be treated separately.[18] "To the extent the cross-motions overlap, however, the court may address the

---

[10]*Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[11]*Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[12]*Adler*, 144 F.3d at 671.

[13]*White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995).

[14]*Bones v. Honeywell Intern, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[15]*Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[16]*City of Shawnee v. Argonaut Ins. Co.*, 546 F. Supp. 2d 1163, 1172 (D. Kan. 2008).

[17]*Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000).

[18]*Id.*

legal arguments together."[19]

### III. Analysis

There are three main issues. These include: (1) whether Plaintiff exhausted his administrative remedies; (2) whether the Court should review Plaintiff's claim under the arbitrary and capricious standard or employ a *de novo* review in deciding whether Plaintiff is entitled to benefits; and (3) whether Plaintiff is entitled to physical disability benefits. The first issue is dispositive as to all three issues.

#### *1. Exhaustion*

Although ERISA contains no specific exhaustion requirement, the Tenth Circuit has found that "exhaustion of administrative (i.e., company-or plan-provided) remedies is an implicit prerequisite to seeking judicial relief."[20] "Otherwise, premature judicial interference with the interpretation of a plan would impede those internal processes which result in a completed record of decision making for a court to review."[21] There are, however, two limited exceptions to the exhaustion requirement.[22] The first is "when resort to administrative remedies would be futile."[23] To meet the futility exception, a plaintiff must demonstrate that the "claim would be denied on appeal, and not just that [he] thinks it is unlikely an appeal will result in a different decision."[24] In

---

[19]*Berges v. Standard Ins. Co.*, 704 F. Supp. 2d 1149, 1155 (D. Kan. 2010) (citing *Hjersted Family Ltd. P'ship v. Hallauer*, 2009 WL 902428, at *2 (D. Kan. Mar. 31, 2009)). The parties' motions substantially overlap.

[20]*McGraw v. Prudential Ins. Co. of Am.*, 137 F.3d 1253, 1263 (10th Cir. 1998) (quotations and citations omitted).

[21]*Id.*

[22]*Id.*

[23]*Id.*

[24]*Getting v. Fortis Benefits Ins. Co.*, 5 F. App'x 833, 836 (10th Cir. 2001) (citing *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996)).

other words, a claimant must demonstrate that further resort to administrative remedies would be "clearly useless."[25] The second exception to the exhaustion requirement is when the remedy provided by the plan is inadequate.[26] It is within the court's discretion whether or not to apply these exceptions.[27]

The procedural posture of this claim is convoluted. As noted above, this Court previously remanded the case to the parties after determining that it did not appear Defendant had provided a full and fair review on Plaintiff's request for physical disability benefits. During the remand period, several issues arose. Both parties filed motions requesting court intervention on certain matters. In ruling on the parties' motions, the Court found that Defendant's adverse benefit decision on June 30, 2009 became a final decision because Plaintiff failed to request a review or provide additional evidence to Defendant during the remand period. Both Defendant and Plaintiff appear to agree that the effect of this ruling means that Plaintiff failed to exhaust his administrative remedies.

Defendant, therefore, asserts that the Court should reject Plaintiff's claim for long term physical disability benefits because the Court has already held that he failed to exhaust administrative remedies under the Plan. Plaintiff asserts that if the effect of the Court's ruling is that he failed to exhaust his administrative remedies, he should still be allowed to proceed due to the two exceptions of the exhaustion requirement, futility and an inadequate plan remedy.

With respect to the futility exception, Plaintiff argues that the record shows that Defendant would have denied his claim because Defendant did indeed deny the claim by issuing a final

---

[25]*McGraw*, 137 F.3d at 1264 (quotation and citation omitted).

[26]*Id.* at 1263.

[27]*Id.*

decision on November 4, 2009. Defendant contends that the futility exception does not apply because Plaintiff cannot establish that Defendant would have denied his claim had Plaintiff submitted appropriate and relevant medical evidence within the 120-day remand period. As such, Defendant contends that Plaintiff cannot establish that his claim would be denied on appeal.

The Court agrees with Defendant. From the record, it appears that after the matter was remanded, Defendant performed a review of Plaintiff's claim for physical disability benefits. Defendant reviewed the evidence it had before it, and based on Dr. Levitin's review, Defendant determined that Plaintiff was not entitled to physical disability benefits and denied his claim. Plaintiff did not request review or submit additional evidence.[28] Had Plaintiff requested review or submitted additional evidence, the result may have been different. The Court is not convinced that upon Plaintiff requesting a review and submitting additional, relevant evidence that further review by Defendant would have been "clearly useless." As such, Plaintiff cannot establish the futility exception to the requirement of exhaustion of administrative remedies.

Plaintiff also argues that the plan provides an inadequate remedy. Plaintiff contends that the plan language requiring a plan administrator to complete a review within 60 days of receipt of a request for review is reasonable, but that Defendant's interpretation of the plan language is not. Apparently, Plaintiff relies on Defendant's previous failure, in 2002, to respond to Plaintiff's request for review. Plaintiff, however, does not direct the Court to an inadequate plan remedy. In addition, Defendant contends that when the Court remanded the matter to the parties, it reviewed his disability

---

[28]While the Court notes that Plaintiff sought an extension of time with the Court to file an administrative appeal, Plaintiff never filed any written request for review with Defendant. Even after this Court denied Plaintiff's request for an extension of time to request an administrative review, Plaintiff apparently did nothing further with respect to requesting a review or submitting additional evidence to Defendant during the remand period. Defendant asserts that Plaintiff did not submit any additional medical evidence until June 7, 2010, almost an entire year after Defendant issued its decision denying Plaintiff's request for physical disability benefits.

request and issued a denial letter.  Because Plaintiff did not request an administrative review or submit additional evidence, Defendant contends that there is no evidence that Defendant would not have complied with the Court's order to provide him a full and fair review.  Again, the Court agrees with Defendant.  Upon remand, Defendant performed a timely review.  After Defendant issued its decision, Plaintiff failed to timely provide additional evidence or make a written request for review of the initial denial.  As such, Plaintiff cannot establish that the plan provides an inadequate remedy.  Accordingly, Plaintiff failed to exhaust his administrative remedies, and the Court grants Defendant's motion for summary judgment on this basis.

**IT IS ACCORDINGLY ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 61) is hereby **DENIED**, and Defendant's Motion for Summary Judgment (Doc.67) is hereby **GRANTED**.

**IT IS SO ORDERED**.

Dated this 14th day of December, 2010.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE